```
1
2
3
4
5
6
7
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 3:22-CR-0145-JO-KSC |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO EXTEND TIME TO FILE MOTIONS FOR NEW TRIAL** |
| CAREY ALICE HERNANDEZ, | |
| Defendant. | |

On November 22, 2024, Defendant filed a motion for extension of time to file post-trial motions pursuant to Federal Rule of Criminal Procedure 45(b)(1)(B). Dkt. 110. On January 10, 2025, the Court issued a minute order denying Defendant's motion for failure to demonstrate excusable neglect and indicated that it would later provide a more detailed ruling. Dkt. 123. During the parties' evidentiary hearing on January 23, 2025, the Court elaborated on the reasoning behind its conclusion. Dkt. 127.

///

For the reasons stated on the record, the Court determined that Defendant failed to show that Mr. Rutman erred or prejudiced her in declining to (1) file post-trial motions[1] or (2) seek an extension of time to do so. *Id.* Further, the Court found that the record showed that Mr. Rutman's performance during and after trial was "otherwise diligent." *Id.*; *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc) (explaining that courts may weigh "whether the lawyer had otherwise been diligent" and "the likelihood of injustice if the [underlying motion] was not allowed" to proceed in determining whether the delayed filing was reasonable). Lastly, the Court found that Defendant failed to prove that there was a communication breakdown between her and Mr. Rutman. Dkt. 127.

In addition to the reasons explained on the record, the Court also considered the implications—the length of delay and the danger of prejudice to the government—of granting Defendant's motion in assessing whether Defendant demonstrated excusable neglect. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Over nine months have passed since Defendant's guilty verdict. Dkt. 90. While this alone is not necessarily a "lengthy delay," Defendant has not yet filed a post-trial motion. *United States v. McGowan*, No. CR 07-00113, 2012 WL 13109973, at *4 (C.D. Cal. Apr. 16, 2012). Rather, Defendant seeks an unspecified period of time to *begin* investigating the matter and thereafter, file any post-trial motions that may be warranted. *See* Dkt. 110. The Court also finds that such delays may prejudice the government by interfering with witnesses' memory and ability to testify if the government was forced to retry the case. *See McGowan*, 2012 WL 13109973, at *4. Thus, the Court finds that these two factors weigh against granting an extension on account of excusable neglect. *See Bateman*, 231 F.3d at 1223.

---

[1] This ruling only pertains to Defendant's motion to extend time to file post-trial motions on account of excusable neglect and not motions for a new trial on account of "newly discovered evidence," such as Defendant's motion to compel post-verdict juror inquiry. Dkt. 99; Fed. R. Civ. P 33(b).

Finally, the Court notes that Defendant's request for relief may be nothing more than a post-guilty verdict attempt to "capitalize on" the opportunity to get a second bite at the apple. *Pincay*, 389 F.3d at 859 (considering whether the party "capitalize[d] on petty mistakes" in evaluating excusable neglect). As stated on the record, the Court concluded that Defendant was not credible in claiming that she had communicated her concerns with her counsel prior to her verdict. Dkt. 127. The Court also determined that she had not otherwise established that there was a breakdown in communications with her attorney. *Id.* Given these facts, the Court finds that Defendant has not shown that she was acting in good faith, weighing against finding excusable neglect. *See Bateman*, 231 F.3d at 1224.

Ultimately, the Court finds that because Defendant has neither established that her prior counsel's ineffective assistance of counsel amounted to excusable neglect nor demonstrated how other factors militated in favor of granting relief on this basis, the Court DENIES Defendant's motion to extend time to file post-trial motions pursuant to Federal Rule of Criminal Procedure 45(b)(1)(B). Dkt. 110.

**IT IS SO ORDERED**.

Dated: January 30, 2025

_____
Honorable Jinsook Ohta
United States District Judge